UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARL W. WHITMORE | CIVIL ACTION |
| VERSUS | NO. 18-2788 |
| TRAMANN JOHNSON, ET AL. | SECTION "R" (2) |

# ORDER AND REASONS

Before the Court are plaintiff Carl Whitmore's *pro se* motions to vacate property,[1] to amend his complaint,[2] and for a final default judgment.[3] Because the Court finds that there is no basis for subject matter jurisdiction, it will not entertain the merits of plaintiff's motions and instead dismisses his claims.

## I. BACKGROUND[4]

Plaintiff Carl Whitmore filed a complaint *pro se* against Tramann Johnson, the Plaquemines Parish Clerk of Court, and Janice Montague-

---

[1] R. Doc. 17.
[2] R. Doc. 18.
[3] R. Doc. 19.
[4] The pleadings before the Court in this case do not give a full accounting of the relevant circumstances giving rise to plaintiff Carl Whitmore's claims. Nevertheless, the Court recounts the following facts as they have been alleged, despite some remaining ambiguity.

Myles on March 9, 2018.[5] He initially alleged that the successions of Ophelia Whitmore Randall and Charles Randall Jr. were in error, and that any transfer of property to defendant Tramann Johnson should be declared void.[6] On April 5, 2018, after his initial complaint was marked deficient, Whitmore filed an amended complaint. Whitmore alleges that Tramann Johnson is not an heir to Charles Randall or Ophelia Whitmore Randall because he is not a natural or adopted child.[7] Whitmore further alleges that Charles Randall's will is void because the signature line reads Charles Randall, III, rather than Charles Randall, Jr.[8] Whitmore therefore argues that he should be recognized as the sole owner of a first lot and a three-fourths owner of a second lot on Jake Lane in Sunshine, Louisiana.[9] Whitmore also seeks to have the Court declare him the sole beneficiary of Charles Randall Jr.[10] Whitmore attaches court documents from a state proceeding in Lorain, Ohio to the amended complaint, which do not appear to relate to Whitmore's claims in this action.[11]

---

[5] R. Doc. 1.
[6] R. Doc. 1 at 1.
[7] R. Doc. 3 at 2.
[8] *Id.*
[9] *Id.* at 2-3.
[10] *Id.* at 3.
[11] *Id.* at 4-6.

On July 31, 2018, Whitmore filed three motions. The first is a motion to vacate property, in which Whitmore requests that the Court order "Tramann Johnson [to] vacate the property at 2050 Jake Lane immediately and never return."[12] Whitmore argues that Johnson violated a Louisiana district court order by removing tools and other items from the property.[13] The second is a motion to amend his complaint, to which Whitmore attaches a second amended complaint.[14] The second amended complaint repeats Whitmore's earlier allegations and also alleges that Tramann Johnson and two individuals who are not named as defendants in the suit—George Grace Jr. and Robert D. Hornstein—are liable for the destruction of a house on 2050 Jake Lane and for falsifying documents.[15] Whitmore has also attached a copy of Charles Randall's will to his motion to amend.[16] This document, signed by Charles Randall, III, leaves the house and land at 2050 Jake Lane to George and Carl Whitmore.[17] It leaves the remainder of his property to Tramain Johnson, including all movables and a property at 219 Jake Lane.[18] The third motion is a motion for default judgment, in which Whitmore seeks

---

[12] R. Doc. 17-1 at 1.
[13] *Id.*
[14] *See* R. Doc. 18-1.
[15] *Id.* at 5-6.
[16] *Id.* at 8.
[17] *Id.*
[18] *Id.*

judgment against defendants Tramann Johnson and the Plaquemines Parish Clerk of Court for failure to respond to his complaint.[19] Defendants have not responded to any of the motions.

## II. LEGAL STANDARD

If a federal court is convinced that it lacks subject matter jurisdiction over a case, it has "a duty to raise the issue of subject-matter jurisdiction sua sponte." *American Heritage Life Inc. Co. v. Lang*, 321 F.3d 533, 537 (5th Cir. 2003) (quoting *H & D Tire & Automotive–Hardware, Inc. v. Pitney Bowes, Inc.*, 27 F.3d 326, 328 (5th Cir. 2000). A federal court may not entertain a case unless authorized to do so by the Constitution and legislation. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

Two possibilities for jurisdiction exist: federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Federal question jurisdiction is governed by the well-pleaded complaint rule which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 12 (2003) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also Vaden v. Discover Bank*,

---

[19] R. Doc. 19.

556 U.S. 49, 60 (2009) (explaining that "a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]'"). Diversity jurisdiction exists only when there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). The amount in controversy must either be facially apparent or established by a preponderance of the evidence in the pleadings. *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003). The party seeking to invoke federal diversity jurisdiction bears the burden of proving both diversity of citizenship and the amount in controversy. *See Garcia v. Koch Oil of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

In addition, an exception to the standard diversity rules exist for probate matters and the administration of an estate. Federal courts have no jurisdiction in these areas. *Akin v. La. Nat'l Bank of Baton Rouge*, 322 F.2d 749, 751 (5th Cir. 1963). But "federal courts of equity have jurisdiction to entertain suits in favor of creditors, legatees and heirs . . . so long as the federal court does not interfere with the probate proceedings." *Markham v. Allen*, 326 U.S. 490, 494 (1946) (internal quotation marks omitted). A federal court action interferes with probate proceedings when it "challenge[s] the validity of [the] probate proceeding, . . . seek[s] to recover

property from [the] estate," or when it requires the federal court to "assume control of estate property." *Breaux v. Dilsaver*, 254 F.3d 533, 537 (5th Cir. 2001). The Fifth Circuit has specifically held that federal courts do not have jurisdiction over an action that attacks "the validity of the will itself." *Blakeney v. Blakeney*, 664 F.2d 433, 434 (5th Cir. 1981).

## III. DISCUSSION

Plaintiff does not allege a basis for jurisdiction in his complaint. Nevertheless, because Whitmore is a *pro se* litigant, the Court construes his complaint liberally. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994). But even construing Whitmore's complaint liberally, none of the claims he asserts appear to arise under the Constitution, laws, or treaties of the United States as required for jurisdiction under § 1331. Diversity jurisdiction under § 1332 also does not exist. Whitmore makes no assertions as to the citizenship of the parties in his pleadings, and the Court cannot definitively discern the parties' citizenships from the record. Whitmore also has not alleged that the amount in controversy exceeds $75,000, and is it not facially apparent from his complaint that his injuries exceed this amount. *See Felton*, 324 F.3d at 773. Because Whitmore has not met the citizenship

or amount in controversy requirements, federal jurisdiction does not exist under § 1332.

This case also falls within the probate exception to federal jurisdiction, because judgment in this action would interfere with a state judgment of possession in a succession proceeding for Randall's estate. Whitmore's allegation that Randall's will is fraudulent forms the basis for a majority of his claims against Johnson. The Fifth Circuit has explicitly held that a federal court adjudicating this type of challenge to a will interferes with probate proceedings. *Blakeney*, 664 F.2d at 434. In addition, Whitmore alleges that a Louisiana judge has ordered that nothing be removed from the property at 2050 Jake Lane.[20] To the extent that this allegation is true, and to the extent that a Louisiana court has already determined ownership of the properties in question during a succession proceeding, this Court has no authority to review those decisions.[21] *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) ("The Rooker/Feldman doctrine holds that federal district courts

---

[20] R. Doc. 17-1 at 1.
[21] Whitmore has made additional allegations against Janice Montague-Myles in briefings that are not properly before the Court. Should Whitmore file an amended complaint that includes such allegations, the Court will consider whether these claims are outside of the jurisdictional exclusion on probate proceedings and whether they meet the requirements for diversity jurisdiction.

lack jurisdiction to entertain collateral attacks on state judgments."). For these reasons, the Court has no jurisdiction to adjudicate Whitmore's claims.

## IV. CONCLUSION

For the foregoing reasons, the Court DISMISSES Whitmore's action for lack of subject matter jurisdiction WITHOUT PREJUDICE.

New Orleans, Louisiana, this __2nd__ day of November, 2018.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE